UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE BUTLER,  )  )  Plaintiff,  )  )  v.  )  )  JACKSON HOSPITAL,  )  )  Defendant.  ) | CASE NO. 2:12-cv-669-TFM  [wo] |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition (Doc. 7, filed August 20, 2012). For good cause, it is the Recommendation of the Magistrate Judge that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## I. BACKGROUND

On August 6, 2012, the pro se plaintiff, Eugene Butler ("Butler" or "Plaintiff"), filed this action against defendant Jackson Hospital. *See* Doc. 1 at 2. Butler is currently an inmate at the Houston County Jail. *Id.* Butler brings suit against Jackson Hospital on a claim of medical malpractice. *Id.* Butler alleges that the nurses at Jackson Hospital negligently caused his left arm to swell and injured his arms. *See* Doc. 1 at 2-3. The alleged negligence

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

occurred in July 2011, which was prior to Butler's incarceration. *See* Doc. 5. at 1. Butler seeks compensation for his pain and suffering. *See* Doc. 1 at 4.

## II. JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309,1314 (11th Cir. 2002).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire

into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

The Court considers first whether it has federal question jurisdiction over this action. A review of the complaint demonstrates that Butler does not assert any federal claim. Butler's sole cause of action is based on medical malpractice which is solely within the state court's jurisdiction. *See* Doc. 1 at 2. Therefore, the Court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Butler is a resident of the State of Alabama. *See* Doc. 1 at 5. The defendant, Jackson Hospital, was incorporated in the State of Alabama and holds its principle place of business in Montgomery, AL. Because both Plaintiff and Defendant are residents of Alabama, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. In short, this court lacks jurisdiction over all of the plaintiffs' claims and this case is due to be dismissed.

V. **CONCLUSION**

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(b)(ii).

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **September 7, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd of August, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE